IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN ANTHONY GARDNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1871-S-BN |
| | § | |
| BERRY GLOBAL,  ET AL., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Darren Anthony Gardner brings this *pro se* action against his former

employer and others alleging claims of discrimination and retaliation under Title VII

based on race and color. His case has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from the presiding United States district judge.

The Court granted Gardener leave to proceed *in forma pauperis* ("IFP"), *see* Dkt.

No. 7, and issued a notice of deficiency regarding the complaint as filed [Dkt. No. 6]

(the "NOD"). And Gardner responded to the NOD by filing an amended complaint. *See*

Dkt. No. 8.

The undersigned now enters these findings of fact, conclusions of law, and

recommendation that, for the reasons explained below, the Court should dismiss this

action with prejudice.

### Applicable Background

Gardner's claims, as initially filed, consisted of a Notice of Right to Sue issued

by the Equal Employment Opportunity Commission, alleged "unlawfully discharged,

race, retaliation, verbal abuse, mental abuse, physical abuse," but lacked facts to

support a claim of employment discrimination or retaliation (or any other claim). Dkt.

No. 3.

As the Court observed in the NOD,

> [t]he complaint does not therefore comply with the applicable pleading standards.
>
> Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint "must contain" "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a).
>
> In this regard, the Court notifies Plaintiff that, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*
>
> Instead, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).
>
> And, because Plaintiff appears to be asserting employment-discrimination-related claims, the Court further advises him that the prima facie elements of such a claim are that he
>
>> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.
>
> *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing

*Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

Relatedly, "[i]n the retaliation context, a prima facie case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

Regarding such claims, the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). "*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

The initial question for the Court, then, is whether Plaintiff has provided sufficient facts to allege that he suffered employment discrimination. *See Swierkiewicz,* 534 U.S. at 512-13. And, if he "has not pled such facts," it is "proper[ to] dismiss[ his] complaint." *Meadows*, 731 F. App'x at 318.

The same holds true as to any non-employment-discrimination claims Plaintiff may assert, as it is his duty to provide factual content sufficient to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

Dkt. No. 6 at 2-4.

Gardner responded to the NOD by filing an amended complaint setting out further factual details. *See generally* Dkt. No. 8. He alleges that he was not properly trained on the machine he was expected to operate and that early on in his

employment he overheard one supervisor say to another that "the company needs to get rid of Ms. Racheal Black Ass H.R. Lady." He reported the comment to "Ms. Racheal H.R. Manager" and believes that, as a result, he was retaliated against because (1) he was forced to (successfully) operate on his own the machine that he was allegedly not properly trained on; (2) he was not selected for a forklift operator position; and (3) he felt that his co-workers were staring at him and/or stalking him. Gardner further alleges that a co-worker showed him a picture on his phone of the co-worker with an assault rifle and told Gardner that "he bought the gun to kill a nigger."

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, as the Court previously explained to Gardner through the NOD, to survive dismissal under the framework of *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citations omitted); *see Harold H. Huggins Realty, Inc. v.*

-4-

*FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (citations omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at \*2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at \*8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

For the reasons explained below, Gardner fails to plausibly allege facts to support his claims. Because he filed an amended complaint in response to a court order notifying him that the factual allegations in his original complaint were insufficient – an order that further apprised him of the applicable pleading standards – Gardner has now stated his best case, which necessitates dismissal of his claims with prejudice.

First, to the extent that Gardner has sued defendants who are not his employer under Title VII, those claims should be dismissed, as "Title VII does not impose liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)); *see also Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (per curiam) ("Umoren's Title VII claims against the Individual Defendants were properly dismissed because 'relief under Title VII is only available against an employer, not an individual supervisor or fellow employee.'" (quoting *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing, in turn, 42 U.S.C. § 2000e(b)'s definition of "employer")))).

Gardner's claims against named individual defendants should therefore be dismissed with prejudice.

Next, even though Gardner cites two unrelated incidents where either a supervisor or a co-worker used a racist slur, those incidents alone do not amount to a direct case of discrimination. "To serve as direct evidence of an employer's discriminatory intent, a workplace comment must be 'direct and unambiguous,

-6-

allowing a reasonable jury to conclude without any inferences or presumptions that [race] was an impermissible factor in the decision to terminate the employee.'" *Vital v. Nat'l Oilwell Varco*, Civ. A. No. H-12-1357, 2014 WL 4983485, at \*18 (S.D. Tex. Sept. 30, 2014) (quoting *EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)); *see also Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 273 (5th Cir. 2006) (per curiam) ("Jones allegedly overheard Henson state that he wanted to 'get rid of all the blacks' and 'fire a bunch of niggers.' Henson also allegedly requested a staffing agency to send white drivers instead of black drivers. Both comments and the request reveal a discriminatory motive on their face but lack the indicia of specificity and causation required to be direct evidence of race discrimination. The existence of racial animus scarcely appears in the form of statements that explicitly express an unlawful discriminatory intent. On such rare occasion, however, the plaintiff has brought forth evidence that clearly demonstrates an employer's discriminatory motive for its adverse employment action without any additional inferences or presumptions required by the court." (citing *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1048 (5th Cir. 1996))).

Thus, as previously explained through the NOD, proving Gardner's Title VII claims first requires that he allege a prima facie case of discrimination or retaliation.

But he has not alleged sufficient facts to support a claim that he was terminated, not hired, or otherwise treated unfairly in the workplace *because of* race, color, or some other protected classification. "Title VII does not protect opposition to all forms of unscrupulous conduct." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) (citation omitted). Nor does it "set forth 'a general civility code

for the American workplace.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th

Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)

(quoting, in turn, *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998))).

Instead, Title VII prohibits discrimination based on "race, color, religion, sex, or

national origin." 42 U.S.C. § 2000e-2(a)(1). And Gardner has failed to offer facts to

support each element necessary to sustain a claim that he suffered discrimination

based on any of these attributes.

Gardner's discrimination claim against his employer should therefore be

dismissed with prejudice.

As to his retaliation claim, the factual allegations of the amended complaint

reflect that Gardner believes he was retaliated against after he reported to HR the

comment he overheard.

Title VII and other similar statutes "all contain provisions prohibiting

retaliation for asserting the rights or enjoying the benefits under those statutes."

*Munoz*, 557 F. App'x at 321 (citations omitted). And, as previously explained in the

NOD, "[i]n the retaliation context, a prima facie case requires a showing that (1) [the

plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse

employment action occurred, and (3) there exists a causal link connecting the protected

activity to the adverse employment action." *Id.* (citation omitted).

Internal complaints regarding perceived racial discrimination may constitute

a protected activity for purposes of alleging a retaliation claim. *See Rodriguez v. Wal-*

*Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that

files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *see also Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown.*, 406 F. App'x at 840 ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

Liberally construing Gardner's *pro se* allegations, his retaliation claim may properly be construed as stating a claim based on his opposition to a perceived discriminatory employment practice – that supervisors in the company wanted the human resources manager fired because of her race.

"To state a retaliation claim based on opposition clause protected activity, a plaintiff must show [he] 'reasonably believed' the employment practice [he] opposed was unlawful under Title VII." *Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 F. App'x 707, 709 (5th Cir. 2016) (per curiam) (citing *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (citing, in turn, *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981))); *see also O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 305-06 (5th Cir. 2019) (The Fifth Circuit (1) "has explained, 'the relevant question ... is not whether a formal accusation of discrimination is made but whether the employee's communications to the employer

sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner'" and (2) "has generously interpreted the scope of the 'opposition' basis for retaliation." (quoting *Yount v. S&A Rest. Corp.*, 226 F.3d 641 (table), 2000 WL 1029010, at \*3 (5th Cir. 2000) (per curiam); citing *Rite Way*, 819 F.3d at 242, 243-44)).

And, as the Fifth Circuit explained in *Cuellar*, "an isolated comment generally cannot support a Title VII" claim for, for example, sexual harassment. 656 F. App'x at 710 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). "Even so, a viable Title VII *retaliation* claim does not necessarily depend on a viable *harassment* or *discrimination* claim: '[O]pposition clause claims grounded in isolated comments are not always doomed' to dismissal." *Id.* (quoting *Rite Way*, 819 F.3d at 243; emphasis in original).

So Gardner has alleged some elements of a prima facie case of retaliation. But he has not alleged "facts sufficient to establish" the required adverse-employment-action element. *Meadows*, 731 F. App'x at 318. Neither his allegedly being forced to (successfully) operate his machine on his own nor his co-workers allegedly staring at him arises to the level of an adverse employment action, which "require[s] an 'ultimate employment decision' or its factual equivalent." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 396-97 (5th Cir. 2016) (per curiam) (citing *McCoy*, 492 F.3d at 560; *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)). This "judicially-coined term refer[s] to an employment decision that affects the terms and conditions of employment ... such as hiring, firing, demoting, promoting, granting leave, and

compensating." *Thompson*, 764 F.3d at 503 (citations omitted).

As to his not receiving the forklift operator job, by merely alleging that an internal transfer request was denied, without providing further facts to support an inference "that the denial of the transfer made [his] job 'objectively worse,'" Gardner also fails to plausibly allege an adverse employment action. *Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2018 WL 1407288, at \*4 (N.D. Tex. Mar. 21, 2018) (quoting *Wheat v. Fla. Parish Juv. Justice Comm'n*, 811 F.3d 702, 709 (5th Cir. 2016)); *see Wheat*, 811 F.3d at 709 ("[M]ere denial of a reassignment to a purely lateral position ('no reduction in pay and no more than a minor change in working conditions'), is typically not a materially adverse action." (citing *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999) (per curiam))); *see also Cooper v. Smithfield Packing Co., Inc.*, 724 F. App'x 197, 202 (4th Cir. 2018) (affirming dismissal of retaliation claim, noting that "[a] plaintiff must plausibly allege that the employer's response would dissuade a reasonable employee from making or supporting a charge of discrimination. Cooper, by contrast, alleges *inaction* on the part of Smithfield" – its failing "'to transfer her or Lowery to work in other departments ... [and] continuing to allow Lowery to supervise her.'" "As pleaded, Cooper's employment status remained the same, as did her wages and terms of employment." (citations omitted)).

Gardner's retaliation claim against his employer should therefore be dismissed with prejudice.

### Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-12-